# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONICA RILEY,<br><br>    Plaintiff<br><br>v.<br><br>ASSOCIATED CREDIT SERVICES, INC.,<br><br>    Defendant | **Civil Action No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

MONICA RILEY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ASSOCIATED CREDIT SERVICES, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

Case 2:14-cv-04568-JD   Document 1   Filed 08/01/14   Page 2 of 8

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19131.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec 22, 2000).

8. Defendant is a debt collection company with its principal office located at 115 Flanders Road, Suite 140, Westborough, Massachusetts 01581.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

PLAINTIFF'S COMPLAINT

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was attempting to collect a consumer debt from Plaintiff.

12. The alleged debt Defendant was attempting to collect, a TD Bank N.A. personal banking account charges, arose out of transactions, which were primarily for personal, family, or household purposes.

13. Beginning in or before September 2013, and continuing through December 2013, Defendant engaged in actions to collect a consumer debt from Plaintiff.

14. Plaintiff disputes owing the alleged debt.

15. By way of background, Plaintiff had a personal banking account with TD Bank N.A.

16. Plaintiff decided to open an account with Federal Credit Union, and stopped using the TD Bank N.A. account.

17. For more than one year, Plaintiff had not used the TD Bank N.A. and received no statements from TD Bank, N.A. that any amount was owed.

18. Nevertheless, in or before September 2013, Defendant began to collect from Plaintiff based upon monthly account fees allegedly incurred on the inactive account.

19. In its attempts to collect a debt, Defendant sent Plaintiff several

- 3 -

PLAINTIFF'S COMPLAINT

letters.

20. In its letters, Defendant demanded payment of an amount that Plaintiff did not owe and was not authorized by any agreement.

21. For example, on September 9, 2013, Defendant sent Plaintiff correspondence demanding payment of $61.30. See Exhibit A, Defendant's September 9, 2013, letter.

22. Defendant stated that the September 9, 2013, letter was its "Final Demand For Payment" when no prior demands had been made. See Exhibit A.

23. Defendant sought to collect by way of its letter, additional interest/fees which were not authorized by the agreement creating the debt.

24. On several occasions, Plaintiff attempted to contact Defendant to speak regarding this matter.

25. Each time Plaintiff called Defendant's telephone number, there was no answer and no option to leave a message.

26. It was frustrating and aggravating for Plaintiff to call the debt collector Defendant and be unable to speak with someone.

27. Finally, in its attempts to collect a debt, Defendant failed to send Plaintiff written notice of her rights to dispute the debt and/or request verification of the debt, within five (5) days of its initial communication with Plaintiff.

28. Defendant's actions in attempting to collect the debt were deceptive

and unfair, and in violation of the FDCPA.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

29. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e and 1692e(2)(A).

    a. A debt collector violates § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

    b. A debt collector violates § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

    c. Here, Defendant violated §§ 1692e and 1692e(2)(A) of the FDCPA by falsely representing the amount of the debt, in that Plaintiff did not owe a debt.

### COUNT II

30. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692f and 1692f(1).

    a.    A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b.    A debt collector violates § 1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

    c.    Here, Defendant violated §§ 1692f and 1692f(1) of the FDCPA by collecting an amount that Plaintiff did not owe and was not authorized by the agreement creating the debt, as well as not having a representative respond to Plaintiff's calls.

## COUNT III

31. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g.

    a.    A debt collector violates § 1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is

owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b.  Here, Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, MONICA RILEY, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MONICA RILEY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: July 31, 2014

By: _____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: 877-788-2864
Email: kimmel@creditlaw.com